## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 45143

| | |
|---|---|
| KAREN L. SAVAGE,               ) | |
|               ) | **Boise, April 2018 Term** |
|       Plaintiff-Appellant,     ) | |
|               ) | **2018 Opinion No. 46** |
| v.                  ) | |
|               ) | **Filed: May 1, 2018** |
| SCANDIT INC.,          ) | |
|               ) | **Karel A. Lehrman, Clerk** |
|       Defendant-Respondent.  ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Valley County.  Hon. Jason D. Scott, District Judge.

The judgment of the district court is <u>reversed</u>.  This case is <u>remanded</u> for further proceedings consistent with this Opinion.

Givens Pursley, LLP, Boise, Attorney for appellant. Thomas Dvorak argued.

Hawley, Troxell, Ennis & Hawley, Boise, for respondent. Daylen John Ashby argued.

---

SCHROEDER, Justice *pro tem*

## I.  NATURE OF THE CASE

Karen Savage appeals the dismissal of her Idaho Wage Claim Act ("IWCA") action by the district court in Valley County. Savage brought this action against her employer Scandit Inc. ("Scandit") in November 2016 after Scandit failed to pay her over $400,000 in commissions and bonuses she claims were due by the end of October. The district court granted Scandit's motion to dismiss finding that Savage had failed to allege that she had earned the commissions as defined in the 2016 Commission Compensation Plan ("CCP") between Savage and Scandit. The district court also denied Savage's motion to amend, holding that the amendment would be futile. This case was decided upon Scandit's motion to dismiss.  Consequently the facts are those set forth in the complaint and attachments.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Savage was employed by Scandit as a senior sales executive. In early 2016 both parties signed the CCP. On September 27, 2016, Savage coordinated a Master Software License Agreement with Amazon Services, LLC ("Amazon Agreement"). Savage's commission from the Amazon Agreement was $390,234. Savage alleges that the commission became due in late September or October of 2016. Scandit agrees that the commission was not paid during this time and agrees that at this stage Savage is entitled to the assumption that the prepayment was due. Both parties rely on section IV of the CCP, which in relevant part provides the following:

> Commissions shall become earned (i.e. not subject to recoupment or "claw-back" by Employer) only upon (a) recognition of revenue by Scandit according to its then current revenue recognition policies, and (b) actual receipt of payment from the customer.

> Therefore, should one or both of these conditions fail to occur, the paid but unearned commissions must be returned to Scandit by Employee per Section V below. Employee's obligation to return any prepaid but unearned commission survives any termination of the Employee's engagement with Scandit, and Employee agrees that such amounts may be deducted from Employee's final paycheck including severance payments, if any.

> 100% of the respective commission will be paid as soon as reasonably practicable following the booking of the Order, and ideally no later than within 30 days of the end of the month during which the transaction has been booked.

The Section continues on to discuss the criteria for a sale to be considered "booked."

Savage did not receive the payment when she alleges it was due and brought this suit seeking treble damages under the IWCA as well as contractual damages. Additionally, the contract provides for an annual quota bonus of $36,000 should her sales for the year surpass a certain quantity. The relevant section of the CCP states:

> Employee will earn a bonus of **USD 36,000** if the combined ACV [Annual Contract Value] of renewals and Orders equals **CHF [Swiss Francs] 641,001** or more.

This threshold was crossed after Savage negotiated the Amazon Agreement. She alleges that the annual bonus became due as soon as the threshold was reached and seeks to recover treble damages for that sum as well.

After responding to the complaint, Scandit moved for the suit to be dismissed pursuant to Idaho Rule of Civil Procedure 12(b)(6) for failure to state a claim. Savage moved for leave to amend her complaint, seeking to include a variety of equitable theories. The district court granted Scandit's motion to dismiss and denied the motion to amend, holding that it would be futile. The

district court held that because Amazon had not yet made payments on the agreement at the time Savage brought the suit that she had not earned the commission and was not entitled to relief under the IWCA. The district court also held that any attempt to amend the complaint would be futile on the basis that Savage could not allege that she had earned the commission prior to filing the suit. In dismissing the claim regarding the annual bonus, the district court held that the annual bonus was due at the end of the year and as such was not subject to the IWCA when the complaint was filed. Savage appealed both rulings.

## III.    ISSUES ON APPEAL

1. Whether the district court erred when it held that the commission fell outside of the IWCA as Savage had not yet earned the commission under the terms of her contract.

2. Whether the district court erred when it held that the annual bonus fell outside of the IWCA as the bonus was not yet due at the time the complaint was filed.

3. Whether the district court abused its discretion when it denied Savage's motion to amend her complaint finding that any such amendment would be futile.

4. Whether either party is entitled to attorney fees on appeal.

## IV.    STANDARD OF REVIEW

> When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), we apply the same standard of review we apply to a motion for summary judgment. A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated. On review of a dismissal this Court determines whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief. In doing so, the Court draws all reasonable inferences in favor of the non-moving party.

*Hammer v. Ribi*, 162 Idaho 570, ___, 401 P.3d 148, 151 (2017) (internal quotations and citations omitted).

## V.    ANALYSIS

**A.    Savage alleged sufficient facts in her complaint to preclude dismissal of her IWCA claim for an unpaid commission from the Amazon Agreement.**

The district court dismissed Savage's IWCA claim seeking damages for an unpaid commission holding that under the terms of the contract Savage had not yet earned the commission and the IWCA did not apply to future wages. Wages are defined under the IWCA as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece or commission basis." I.C. § 45-601(7). Employers are required to pay all wages due to their employees at least once every month. I.C. § 45-608(1). Employees who are harmed by an employer's failure to comply with the IWCA may file a complaint with the

3

Department of Labor or bring a lawsuit seeking damages. I.C. §§ 45-608, 45-615. An employee who prevails in a suit under the IWCA is entitled to attorney fees and treble damages of the wages found "due and owing." I.C. § 45-615.

While employers are required to pay wages monthly, the employer and employee have a great deal of freedom to determine how that compensation will be paid. *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 190, 108 P.3d 332, 337 (2005). The IWCA requires "an employer only to pay a minimum wage for all hours worked and to pay employees at least monthly." *Id.* "Beyond that, the Wage Claim Act does not place any limitations on the ability of the employer and employee to contract for the terms of the employee's compensation." *Id.* In *Bakker*, a real estate agent sought to recover treble damages under the IWCA for commissions he argued he was owed under the law. *Id.* The Court recognized that a real estate agent generally is entitled to a commission when he or she finds a ready, willing, and able buyer to purchase property. However, the contract between Bakker and his employer required him to be employed at closing in order to receive the commission. *Id.* In finding for the employer, the Court stated "[a]s long as the employer is meeting the minimum wage requirements of state law, further compensation is subject to negotiations between the employer and employee." *Id.*

The district court held that the IWCA did not apply on the basis Savage's claims were for prepayments of future wages that she had not yet earned according to her contract. Future wages are not subject to the mandatory trebling provision of the IWCA. *Moore v. Omnicare, Inc.*, 141 Idaho 809, 819, 118 P.3d 141, 151 (2005). In distinguishing between future wages and those subject to the IWCA, this Court often looks to whether the employee is entitled to the wages for services rendered or whether there is more they must do in order to be entitled to the wages. *See id.*; *see also Nettleton v. Canyon Outdoor Media, LLC*, 163 Idaho 70, 408 P.3d 68 (2017). In *Nettleton*, this Court vacated the grant of summary judgment in favor of an employee for unpaid commissions. *See Nettleton*, 163 Idaho at ___, 408 P.3d at 69. The employee alleged he was owed a commission for the rent of a billboard. *Id.* at ___, 408 P.3d at 69–70. The employer argued that the employee was not yet entitled to the commission as he was required to service the client account on an ongoing basis throughout the contract before he was entitled to the commission. *Id.* at ___, 408 P.3d at 72. In vacating the grant of summary judgment and remanding the case, this Court noted that there was a question of material fact as to whether the employee was entitled to the commission at the time he brought the suit. *Id.* If the employee was

4

entitled to the commission at the time he brought the suit it would fall under the IWCA, if there was more that he was required to do then it would not. *Id.* In this case, so far as the record is concerned, Savage had no further duties to perform with regard to the agreement with Amazon. She had done what she was hired to do.

Savage alleges in her complaint that under the terms of the CCP she was entitled to payment of the commission at the time she filed her suit. The CCP is incorporated into the complaint and may be considered. *Idaho Wool Growers Ass'n, Inc. v. State*, 154 Idaho 716, 723, 302 P.3d 341, 348 (2012).

> Section IV of the CCP addresses the payment of commissions:
>
> Commissions shall become earned (i.e. not subject to recoupment or "claw-back" by Employer) only upon (a) recognition of revenue by Scandit according to its then current revenue recognition policies, and (b) actual receipt of payment from the customer.
>
> Therefore, should one or both of these conditions fail to occur, the paid but unearned commission must be returned to Scandit by Employee per Section V below. Employee's obligation to return any prepaid but unearned commission survives any termination of the Employee's engagements with Scandit, and Employee agrees that such amounts may be deducted from Employee's final paycheck including severance payments, if any.
>
> **100% of the respective commission will be paid as soon as reasonably practicable following the booking of the Order, and ideally no later than within 30 days of the end of the month during which the transaction has been booked**.

(Emphasis added).

Scandit concedes that for purposes of the motion to dismiss Savage is entitled to the presumption that the deal was booked prior to the filing of the complaint. According to the CCP "100% of the respective commission will be paid as soon as reasonably practicable following booking of the Order…" This provision must be read in light of the language in *Bakker*, 141 Idaho at 190, 108 P.3d at 337, which recognizes that a contract may differentiate between wages earned and wages due: "This statement does not dictate a clear public policy that employers and employees cannot contract for terms of compensation when wages are earned and/or due as long as relevant law is respected." The CCP defines when Savage's commission was due, that is within 30 days of when the contract is booked. The prior provisions as to when commissions are earned relates to the rights of Scandit to recoup or "claw back" commission payments that have been made but payment on the agreement has not been made. There would be little or no reason

5

for such provisions if the commission were only due when payments on the Amazon Agreement were made.

When all of the inferences are drawn in Savage's favor, the payment of the commission was due and owing before she filed her complaint, and Savage was entitled to the payment of the commission. While Scandit may be able to show later that the deal was not formally booked or that there were contingencies that prevented the booking, for purposes of a motion to dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6) Savage has stated a claim under the Idaho Wage Claim Act.

**B.      Savage's complaint states an IWCA claim as it relates to the Annual Quota Bonus.**

The district court granted Scandit's motion to dismiss Savage's IWCA claim, finding that the bonus was not yet due. Bonuses fall under the definition of wages and are subject to the mandatory trebling statute if they are not paid when they are due. *See Paolini v. Albertson's Inc.*, 143 Idaho 547, 149 P.3d 822 (2006) (holding that the IWCA applied to the payment of a bonus).

The CCP provides for an Annual Quota Achievement Bonus in subsection E of section VI. That subsection states:

> Employee will earn a bonus of **USD 36,000** if the combined ACV [annual contract value] of renewals and Orders equals **CHF 641,001** [Swiss Franc] or more.

(Emphasis in original).

Both sides agree that the Amazon Agreement pushed Savage past the CHF 641,001 mark. Savage alleged in her complaint that her bonus became due as soon as she passed that mark. While the CCP was written for the entire year, the section discussing the Annual Quota Achievement Bonus is ambiguous. There is nothing in the bonus section that states specifically when the bonus will be paid. Savage alleged that the bonus was due as soon as she surpassed the quota requirement. Scandit says that as an annual bonus it was not yet due when the complaint was filed. Savage is entitled to have all the inferences drawn in her favor at this stage of the proceeding. The CCP is ambiguous on this point. Savage has stated a claim.

**C.      Savage's motion to amend the complaint was not futile.**

Prior to the district court dismissing her case, Savage filed a motion to amend her complaint to assert various equitable claims. The district court held that because the amendments could not show that Savage had earned the commission at the time the complaint was filed the amendments would be futile and denied her motion.

A party's ability to amend a complaint once an answer has been filed is governed by Idaho Rule of Civil Procedure 15(a)(2). That rule states that once an answer has been filed "a party may amend its pleading only with the opposing party's written consent or the court's leave." I.R.C.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "A court may consider whether the allegations sought to be added to the complaint state a valid claim in determining whether to grant leave to amend the complaint." *Estate of Becker v. Callahan*, 140 Idaho 522, 527, 96 P.3d 623, 628 (2004).

The district court denied Savage's motion to amend after it found that the proposed amendment would not be able to allege that she had earned the commission under the terms of the contract because Amazon had not yet made a payment prior to the filing of the complaint. The amendments sought to add equitable claims that would prevent Scandit from claiming the contract was not booked until a later date. Because the amended complaint contained facts alleging the commission was due and owing at the time Savage sought leave to amend, the amendment would not be futile.

## D. Attorney fees on appeal

Both parties request an award of attorney fees on appeal. Because Scandit is not the prevailing party on appeal it is not entitled to an award of attorney fees. Savage seeks an award of attorney fees pursuant to Idaho Code section 45-615(2). While Savage is the prevailing party on appeal, it cannot yet be determined who will be the prevailing party in the action. *See Nettleton*, 163 Idaho at ___, 408 P.3d at 73. The Court will not award attorney fees at this time but will allow the district court on remand to consider fees incurred in this appeal when it makes a final determination as to the prevailing party.

## VI. CONCLUSION

The decisions of the district court granting the motion to dismiss the complaint and denying the motion to amend are reversed and remanded for further proceedings consistent with this Opinion. Costs on appeal to Savage.

Chief Justice BURDICK, Justices HORTON, BRODY and BEVAN, CONCUR.