IN THE SUPREME COURT OF STATE OF IDAHO
Docket No. 46269

| | | |
|---|---|---|
| REBECCA PARKINSON, | ) | |
| | ) | **Boise, June 2019 Term** |
| Plaintiff-Appellant, | ) | |
| | ) | **Filed: September 10, 2019** |
| v. | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| JAMES BEVIS, | ) | |
| | ) | |
| Defendant-Respondent | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Jonathan Medema, District Judge.

The dismissal by the district court of Parkinson's complaint for breach of fiduciary duty is <u>reversed</u>. The judgment entered in favor of Bevis is <u>vacated.</u> The denial of the motion to amend the Complaint is <u>reversed</u>. The district court's award of costs is <u>vacated</u>. Neither party is awarded attorney fees on appeal. Costs on appeal are <u>awarded</u> to Appellant

Trout Law, PLLC, Boise, attorneys for Appellant. Kim J. Trout argued.

Duke Scanlan & Hall, PLLC, Boise, attorneys for Respondent. Keely E. Duke argued.

---

BEVAN, Justice

## I. NATURE OF THE CASE

Rebecca Parkinson appeals a district court's dismissal of her claim for breach of fiduciary duty against her attorney, James Bevis. Parkinson filed a complaint alleging Bevis breached his fiduciary duty when he disclosed a confidential email to the opposing attorney after reaching a settlement in Parkinson's divorce action. Bevis moved to dismiss under Idaho Rule of Civil Procedure 12(b)(6), arguing that Parkinson's complaint failed to state a claim for relief. The district court agreed and dismissed Parkinson's claim after determining that it was, in essence, a legal malpractice claim, on which Parkinson could not prevail because she admitted that she suffered no damages from Bevis' disclosure. We reverse and remand for further proceedings consistent with this opinion.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Bevis, a licensed attorney, represented Parkinson in her divorce proceedings. Parkinson alleged that Bevis breached his fiduciary duties to her by forwarding to opposing counsel a copy of an email she sent to Bevis that accused Bevis of failing to represent her adequately at a mediation conference. On May 10, 2017, Parkinson filed a complaint against Bevis for breach of fiduciary duty, which alleged:

> 4. During the course of Bevis' representation of Parkinson, Bevis, without Parkinson's knowledge or consent, shared attorney-client confidential information with Joe Parkinson's attorney, Stanley Welsh.
> 5. During the course of the Bevis representation of Parkinson, on information and belief, Bevis was complicit with Welsh in securing a divorce for Joe Parkinson on terms more favorable to Joe Parkinson than with his client Rebecca Parkinson.
> 6. During the course of the Bevis representation, Bevis failed to fully and adequately represent Parkinson, including but not limited to, a full and complete evaluation of the true value of the community real property held by the Parkinson community.

Parkinson's complaint alleged that Bevis' breach caused her damage in an amount to be proven at trial. On December 1, 2017, Bevis filed a motion to dismiss, arguing that when a plaintiff's claim against her former attorney arises out of the professional relationship with him, the only claim that she may properly assert is one for professional negligence. Thus, Bevis argued that Parkinson improperly styled her cause of action as a breach of fiduciary duty when it was actually a claim for legal malpractice, which she could not prevail on because she suffered no damages. Despite Parkinson's initial assertion that Bevis' breach caused damage, she later admitted that she suffered no economic loss but sought relief in equity, i.e., disgorgement of the attorney fees she paid to Bevis. Although Parkinson did not initially seek to amend her complaint, she abandoned her claim for damages in responding to the motion to dismiss, redirecting her focus from a legal claim to an equitable one. She highlighted that her breach of fiduciary duty claim did not ask "for the value of any lost divorce claims," but that she sought "remedies of disgorgement and forfeiture of attorney fees [which were] implicit in her breach of fiduciary duty claims." During oral argument on the motion to dismiss, Parkinson maintained that it would be appropriate to allow her to amend the complaint to clarify both her factual allegations and the legal basis for her claim. Even so, she did not file a proposed amended complaint at that time.

The district court granted Bevis' motion to dismiss. The court held that "because [Parkinson] has failed to allege sufficient facts to show the information was confidential and/or the communications were privileged, [Parkinson's] complaint fail[ed] to state a cause of action upon which relief may be granted." The district court also determined that it would be futile to allow Parkinson to amend her complaint to clarify the equitable nature of her allegations, because such a claim is indistinguishable from a negligence claim, for which Parkinson would have to show damage.

Even though the district court noted the futility of amending the complaint in its memorandum decision, Parkinson moved to amend her complaint a few weeks later pursuant to Idaho Rule of Civil Procedure 15. The proposed amended complaint specified, "[Parkinson] is entitled to the remedies of equitable forfeiture and fee disgorgement, in amounts to be proven at trial." In a separate motion filed the same day, Parkinson moved for reconsideration of the district court's dismissal of her complaint under Idaho Rule of Civil Procedure 11.2. Parkinson again acknowledged that "legal malpractice claims in Idaho require proof of actual, compensable damages," and that "Parkinson cannot currently bring her fiduciary claim as a legal malpractice claim because she does not have 'objective proof in support of actual damages.' " She thus argued that her claim did not sound in tort and that it should be allowed to proceed. The district court denied both Parkinson's motion for reconsideration and motion to amend her complaint. Parkinson now appeals.

### III. ISSUES ON APPEAL

1. Did the district court err in dismissing Parkinson's claims?
2. Did the district court abuse its discretion in not allowing Parkinson to amend her complaint?
3. Did the district court err in denying Parkinson's motion for reconsideration?
4. Did the district court abuse its discretion in awarding costs to Bevis?
5. Is Bevis entitled to his attorney fees on appeal?

### IV. STANDARD OF REVIEW

This Court reviews a district court's dismissal of a complaint under Idaho Rule of Civil Procedure 12(b)(6) *de novo*. *Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010).

> When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), we apply the same standard of review we apply to a motion for summary judgment. A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated. On review of a dismissal this Court

determines whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief. In doing so, the Court draws all reasonable inferences in favor of the non-moving party.

*Savage v. Scandit Inc.*, 163 Idaho 637, 640, 417 P.3d 234, 237 (2018) (quoting *Hammer v. Ribi*, 162 Idaho 570, 573, 401 P.3d 148, 151 (2017)).

## V. ANALYSIS

### A.     The district court erred in dismissing Parkinson's complaint.

The principal question here is whether a client can sue an attorney for breach of fiduciary duty when the cause of action arises from the attorney-client relationship, no matter whether the breach caused the client actual damages. Parkinson argues that Bevis breached his fiduciary duty by disclosing a confidential attorney-client email and that this breach impaired the value of Bevis' services to Parkinson. On the other hand, Bevis maintains that when an attorney breaches a fiduciary duty to a client, the only cause of action that arises from the attorney-client relationship is legal malpractice.

This Court reviews a district court's dismissal of a complaint under Idaho Rule of Civil Procedure 12(b)(6) *de novo*. *Taylor*, 149 Idaho at 832, 243 P.3d at 648. "A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated." *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2001). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . ." I.R.C.P. 8(a)(2). The issue is not whether the plaintiff will ultimately prevail, but whether the party may offer evidence to support the claims. *Taylor,* 149 Idaho at 832, 243 P.3d at 648. Thus, the question is "whether the non-movant has alleged sufficient facts in support of his claim, which if true, would entitle him to relief. In doing so, the Court draws all reasonable inferences in favor of the non-moving party." *Savage*, 163 Idaho at 640, 417 P.3d at 237. We draw those inferences in favor of the facts as Parkinson pled them, no matter Bevis' right to contest them at a future trial. Thus, we accept for appeal purposes that Parkinson's email to Bevis was confidential and that Bevis improperly forwarded it to Welsh.

Parkinson's original complaint contained three factual allegations: (1) Bevis shared attorney-client confidential information with her husband's attorney; (2) Bevis was complicit with her husband's attorney in securing a divorce for her husband on terms more favorable to him than to her; and (3) that Bevis failed to evaluate fully the true value of the marital

4

community's real property.[1] Parkinson's complaint then alleged Bevis "was subject to ethical and fiduciary duties" to her and that he "breached his duties by, among other things, disclosing attorney-client privileged communications to [her husband's attorney] during the course of the divorce proceedings . . . ." Despite this list of allegations, Parkinson made only one claim for relief in her complaint: "Bevis breached his duties to Parkinson by, among other things, disclosing attorney client privileged communications to Welsh during the course of the divorce proceedings, all to Parkinson's damage in an amount to be proven at trial."

Despite this original prayer for damages, in her memorandum filed opposing the motion to dismiss, Parkinson clarified that she was not seeking damages, but she was seeking fee disgorgement, noting, "Parkinson is not asking Bevis for the value of any lost divorce claims. Rather, Parkinson seeks relief from the breach of her attorney-client confidences. . . . Parkinson's remedies of disgorgement and forfeiture of attorney fees are implicit in her breach of fiduciary duty claims." She also filed an affidavit including the email Bevis allegedly forwarded to Mr. Welsh.

At the hearing on Bevis' motion, counsel for Parkinson stated the following during oral argument:

> Ms. Parkinson's breach of fiduciary duty claim is different than a legal malpractice claim in terms of remedy . . . . Forfeiture of legal fees serves several different purposes. It deters attorney misconduct, a goal worth furthering regardless of whether a particular client has been harmed.

Thus, Parkinson made clear, and placed Bevis and the court on notice, that she intended to pursue an equitable-fee disgorgement claim against Bevis, rather than a damages claim. The district court recognized this in its memorandum opinion granting the motion, and even considered whether Parkinson should have been allowed to amend her complaint to clearly state the relief she was seeking.

Against this record we hold that the district court had enough facts to assess properly Parkinson's claim against the liberal standard for a party opposing a 12(b)(6) motion. The district court ultimately concluded that Idaho permits plaintiffs to bring a claim for breach of fiduciary duty where the fiduciary duty arises from the lawyer-client relationship. This conclusion was

---

[1] The district court also held that Parkinson's claim that Bevis failed to evaluate fully the value of the community property during the divorce proceeding and her allegation that Bevis "was complicit" with her husband in securing a divorce more favorable to her husband than to her were both claims for legal malpractice, not breach of fiduciary duty. Parkinson did not challenge this part of the district court's ruling on appeal.

5

correct. However, the court erred in concluding that the facts here failed to establish an independent claim for breach of fiduciary duty by Bevis.

The district court granted Bevis' motion to dismiss Parkinson's complaint, determining that Parkinson could not proceed on a claim for breach of fiduciary duty because Parkinson did not allege that Bevis had a conflict of interest, that he stood to benefit by sharing her email with the other attorney, or that he lied to her. The district court further found that Parkinson merely articulated her claim in the language of an action for breach of fiduciary duty, but that it was, at its essence, a claim that Bevis did not exercise the care his profession demanded in handling her communications, which is a claim for legal malpractice. As this Court has recognized, "[l]egal malpractice actions are an amalgam of tort and contract theories." *See Johnson v. Jones*, 103 Idaho 702, 706, 652 P.2d 650, 654 (1982). The tort basis of legal malpractice actions flows from the elements of legal malpractice: "(a) the existence of an attorney-client relationship; (b) the existence of a duty on the part of the lawyer; (c) failure to perform the duty; and (d) the negligence of the lawyer must have been a proximate cause of the damage to the client. . . ." *Id.* (quoting *Sherry v. Diercks*, 29 Wash. App. 433, 437, 628 P.2d 1336, 1338 (1981)). "The scope of an attorney's contractual duty to a client is defined by the purposes for which the attorney is retained." *Johnson*, 103 Idaho at 704, 652 P.2d at 652.

Breach of fiduciary duty, even when based on attorney misconduct, differs from a legal malpractice claim. "To establish a claim for breach of fiduciary duty, [a] plaintiff must establish that defendant owed plaintiff a fiduciary duty and that the fiduciary duty was breached." *Tolley v. THI Co.*, 140 Idaho 253, 261, 92 P.3d 503, 511 (2004). One way in which these claims are different is in the relief that a plaintiff can recover. A breach of fiduciary duty claim is an equitable claim for which a defendant may have to disgorge compensation received during the time the breach occurred, even if the plaintiff cannot show actual damages. *See, e.g.*, *Cooke v. Iverson*, 94 Idaho 929, 500 P.2d 830 (1972). A cause of action for breach of fiduciary duty may lie even if an attorney violates the special (elevated) duties of trust or confidence of his client by disclosure of secrets or confidential information. *Keller v. Loews Corp.*, 894 N.Y.S.2d 376, 377 (2010) (A lawyer may be sued for breach of fiduciary duty for sharing a client's confidential information); *Riverwalk Cy Hotel Partners, Ltd. v. Akin Gump Strauss Hauer & Feld, LLP*, 391 S.W.3d 229, 236 (Tex. Ct. App. 2012) ("A breach of fiduciary duty occurs when an attorney, among other things, improperly uses client confidences.").

Bevis, citing *Bishop v. Owens*, 152 Idaho 616, 621, 272 P.3d 1247, 1252 (2012), argues that Parkinson did not and could not allege grounds that would entitle her to forfeiture of any attorney fees because breach of fiduciary duty was not a proper cause of action arising out of the attorney-client relationship. Bevis claimed that the facts of *Bishop* are analogous to this case because the client in *Bishop* was trying to recharacterize her cause of action to avoid a statute of limitations just as Parkinson is trying to recharacterize her cause of action as a breach of fiduciary duty to avoid having to prove damages. In *Bishop*, this Court held that Bishop had failed to state a claim upon which relief could be granted when Bishop's alleged breach of contract action was subsumed by her attorney malpractice action, which sounded in tort. *Id.* at 621, 272 P.3d at 1252. We held that Bishop's breach of contract claim, which asserted the same factual basis as the legal malpractice theory, traditionally treated as the proper claim, failed to state a claim upon which relief could be granted. *Id.* We recognized that "[l]egal malpractice has traditionally been treated as the proper claim where an attorney breaches his or her duty, which arises from the attorney-client relationship." *Id.* We reasoned that a holding to the contrary would create a per se breach of contract action in every legal malpractice action. *Id.*

Here, the district court agreed with Bevis' position, and determined that Parkinson could not "fracture" a legal malpractice claim simply to benefit from the remedy of fee disgorgement where she could not prove actual damages. The district court found that based on this Court's decision in *Bishop,* it was compelled to reach the conclusion that Parkinson was not entitled to allege alternative claims for breach of fiduciary duty and for legal malpractice on the same facts. We now distinguish the claims presented here from those in *Bishop* by noting that breach of fiduciary duty when the client seeks *only equitable remedies*, is an equitable claim that a client may state independently from a claim for malpractice, even when the breach was accomplished by potentially negligent acts.

We recognize, as Bevis argues, "[m]alpractice by any other name still constitutes malpractice." *Griggs v. Nash*, 116 Idaho 228, 232, 775 P.2d 120, 124 (1989). We stated in *Bishop*, "the fact that a proponent labels his or her action as sounding in contract as well as malpractice does not make the underlying action contract. The 'theory' of relief sought is not different." *Id.* at 621, 272 P.3d at 1252. This is correct insofar as the *tort* of malpractice is concerned. "The tort basis of legal malpractice actions flows from the elements of legal malpractice: '(a) the existence of an attorney-client relationship; (b) the existence of a duty on

7

the part of the lawyer; (c) failure to perform the duty; and (d) the negligence of the lawyer must have been a proximate cause of the damage to the client. . . .'" *Bishop*, 152 Idaho at 620, 272 P.3d at 1251. The point of *Bishop* is that the client's claim, whether a contract or tort moniker may be given it, is a malpractice claim because the client seeks damages for the negligent conduct of his or her attorney. Here, the theory of relief sought *is* different; Parkinson's theory is an *equitable* one, with equitable remedies at its core. In such a case, a plaintiff can claim equitable relief independent of a tort claim for legal malpractice.

This point is supported by review of our decision in *Rockefeller v. Grabow,* 136 Idaho 637, 39 P.3d 577 (2001) (*Rockefeller I*). While that case dealt with a claim for breach of fiduciary duty against a real estate agent, we noted that when a party seeks *damages* for an agent's breach of fiduciary duty, the cause of action sounds in tort. Beyond that, however, we recognized that a principal also has an *equitable* claim to cause an agent to disgorge or forgo the agent's compensation where the principal alleges the agent has breached his fiduciary duties to the principal. *Id*. at 642, 39 P.3d at 582. We explained that disgorgement is a remedy in a breach of fiduciary duty cause of action when applied to real estate agents:

> It is the established law of this jurisdiction that an agent's right to compensation will be affected by a violation of his fiduciary duties. *See, e.g., Cooke v. Iverson*, 94 Idaho 929, 933, 500 P.2d 830, 835 (1972) (real estate agents lose their commissions for failure to disclose material facts); *Schroeder v. Rose*, 108 Idaho 707, 710, 701 P.2d 327, 330 (Ct. App.1985) (compliance with fiduciary duties is a condition precedent to collecting a commission); see also Restatement (Second) of Agency §§ 456 and 469 (1958).

*Id.*

Parkinson urges this Court to extend the framework set forth in *Rockefeller I* to apply to conduct arising out of the attorney-client relationship. Principles of agency law apply to the attorney-client relationship in the same way they apply to any other agency relationship. Therefore, we extend the principles of *Rockefeller I* to this case. Thus, a lawyer can violate his fiduciary duty, causing damage to his client, resulting in a legal malpractice claim; but he can also cause no damage, in which case an equitable remedy like Parkinson seeks may be recoverable as well.

In *Rockefeller I,* we also relied on the Texas case of *Burrow v. Arce*, which sets forth several factors to consider in any forfeiture analysis: "the gravity and timing of the violation, its willfulness, its effect on the value of the [agent's] work for the [principal], and other threatened

or actual harm to the [principal] and the adequacy of other remedies." *Id.* at 642, 39 P.3d at 582 (citing *Burrow v. Arce*, 997 S.W.2d 299, 243 (Tex. 1999)). These criteria are apt in cases involving any dispute over the breach of a fiduciary duty, and courts should apply these considerations when exercising their discretion as to these equitable remedies, even in cases involving the attorney-client relationship.

Policy considerations favor this extension, particularly notions of deterrence. While Parkinson concedes Bevis' breach did not cause direct monetary damage, there is a question whether his conduct impaired the value of services Parkinson received. If a fact-finder were to determine that this conduct was serious and clear, disgorgement of all or a portion of the attorney fees paid would be appropriate. The Restatement (Third) of the Law Governing Lawyers, Section 37, comment d, proposes forfeiture in these circumstances:

> A lawyer's violation of duty to a client warrants fee forfeiture only if the lawyer's violation was clear. A violation is clear if a reasonable lawyer, knowing the relevant facts and law reasonably accessible to the lawyer, would have known that the conduct was wrongful. The sanction of fee forfeiture should not be applied to a lawyer who could not have been expected to know that conduct was forbidden, for example, when the lawyer followed one reasonable interpretation of a client-lawyer contract and another interpretation was later held correct.

> To warrant fee forfeiture a lawyer's violation must also be serious. Minor violations do not justify leaving the lawyer entirely unpaid for valuable services rendered to a client, although some such violations will reduce the size of the fee or render the lawyer liable to the client for any harm caused [when the breach of fiduciary duty also results in tort damages].

We agree with, and now adopt, the Restatement's approach in section 37 as we have stated it. The sanction of fee forfeiture is available when an attorney violates his duty to his client in a serious way. The criteria listed in section 37 are to be used to determine whether the trial court may order forfeiture of all or a portion of an attorney's fee as an appropriate equitable remedy in these circumstances. To reiterate, those factors are (1) the extent of the misconduct, (2) whether the breach involved knowing violation or conscious disloyalty to a client, (3) whether forfeiture is proportionate to the seriousness of the offense, and (4) the adequacy of other remedies. *Id.*

The reason for such a remedy makes sense. "[A] lawyer's clear and serious violation of a duty to a client destroys or severely impairs the client-lawyer relationship and thereby the justification of the lawyer's claim to compensation." *Id.* at cmt. b. The equitable remedy of fee

forfeiture discourages an agent from disregarding his or her duty of loyalty to a principal under the theory the principal will suffer no damages. To limit the remedy of forfeiture to situations in which the principal suffers actual damages would defeat the purpose of the rule. It is this breach of loyalty, not actual damages, which violates the fiduciary relationship. The primary purpose of an equitable remedy of forfeiture is to protect the relationship between a principal and her agent by discouraging the agent's disloyalty.

Until now, we have only extended the *Rockefeller I* forfeiture analysis to real estate agents, not to attorneys. Even so, we now conclude Parkinson may sue her attorney for breach of a fiduciary duty arising out of the attorney-client relationship, just as any other principal may sue her agent who owes her a fiduciary duty. The test we explained in *Rockefeller I* and the standard in the Restatement (Third) of the Law Governing Lawyers applies to such claims. The district court even acknowledged this legal notion in its memorandum decision, but it ultimately dismissed Parkinson's claim anyway because of its reading of our decision in *Bishop*.

Our holding today tracks with the decisions of other states. According to the Utah Court of Appeals, legal malpractice actions based on breach of fiduciary duty "are grounded on the fundamental principle that attorneys must be completely loyal to their clients and must never use their position of trust to take advantage of client confidences for themselves or for other parties." *Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283, 1290 (Utah App. 1996); *see also Walter v. Stewart*, 67 P.3d 1042, 1046 (Utah App. 2003). Other jurisdictions have reached similar conclusions. *See, e.g.*, *Hawkins v. Eighth Jud. Dist. Ct. in and for Cnty. of Clark*, 407 P.3d 766, 769 (Nev. 2017) (holding that a court must apply Restatement factors in determining whether to award fees for work done by a disqualified law firm); *Law. Disc. Bd. v. Ball*, 633 S.E.2d 241, 254 (W. Va. 2006) (adopting the Restatement framework to determine whether a lawyer should forfeit some or all fees obtained from a client for legal services); *In re Krispy Kreme Doughnuts, Inc. Shareholder Litig.*, 16-CVS-3101, 2018 WL 3062205, 11 (N.C. Super. June 20, 2018) (applying the principles of the Restatement to create a remedy for an attorney's violation of the Revised Rules of Professional Conduct of the North Carolina State Bar); *Gomez v. Hawkins Concrete Construction Co.*, 623 F. Supp. 194, 199 (N.D. Fla. 1985) ("The test [for a breach of fiduciary duty claim] is whether the attorney has entered into a transaction with his client of advantage to himself.").

Our holding today is not inconsistent with our prior holdings in cases such as *Lapham v. Stewart*, 137 Idaho 582, 588, 51 P.3d 396, 401 (2002), *Bishop*, 152 Idaho at 621, 272 P.3d at 1252, or *Greenfield v. Smith*, 162 Idaho 246, 395 P.3d 1279, 1284 (2017). While each of these cases may have involved breaches of fiduciary duties by an attorney, those breaches resulted in *damages* to the clients. Such claims, even if they involve breach of fiduciary duties, are legal malpractice claims, which may be redressed only in tort.

The result here is narrow, offering relief to a client *only* in those cases in which the client seeks fee disgorgement as a solitary remedy. To the extent that legal malpractice plaintiffs seek both damages and fee disgorgement, the principles articulated in this decision would apply to the equitable portion of the claim. But, if the breach of fiduciary duty claim includes a claim for damages, that claim is appropriately subsumed by the legal malpractice claim.

We thus conclude that whether an attorney must forfeit any or all fees for a breach of fiduciary duty to a client must be determined by applying the rule as stated in section 37 of the Restatement (Third) of the Law Governing Lawyers and the factors we have identified to the individual circumstances of each case. In light of this conclusion, the district court's determination that Parkinson could not pursue her claim on an equitable basis as a matter of law was incorrect. We therefore vacate the judgment of dismissal and reverse the district court's grant of the motion to dismiss.

**B.      The district court abused its discretion by denying Parkinson's motion to amend the complaint.**

Given our ruling today, we are compelled to find that the district court's decision denying Parkinson the opportunity to proceed with her amended complaint constituted an abuse of discretion, even though the standard established in this case is a new one. When the trial court fails to apply the proper legal standard to the choices before it, it constitutes an abuse of discretion. *See State v. Montgomery*, 163 Idaho 40, 45, 408 P.3d 38, 43 (2017) (finding an abuse of discretion where the trial court failed to apply a legal standard announced in appellate opinion regarding disclosure of rebuttal witnesses).

Following the district court's dismissal of her claim, Parkinson moved to amend her complaint to remedy the deficiencies identified by the district court when it granted Bevis' motion to dismiss. *See, e.g.*, *M.K. Transp., Inc. v. Grover*, 101 Idaho 345, 348, 612 P.2d 1192, 1195, n. 3 (1980) ("Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any

11

time, even after judgment."); *Snake River Equip. Co. v. Christensen*, 107 Idaho 541, 546, 691 P.2d 787, 792 (Ct. App. 1984) ("[A]nd a pleading may be amended even after judgment has been entered."). Parkinson sought to amend her complaint to clarify that the remedy she was seeking was fee disgorgement and to give additional detail as to what privileged communication was identified in her original complaint. Bevis countered that the gravamen of Parkinson's amended complaint remained legal malpractice, which Parkinson admitted she could not prove because she suffered no damages.

"A district court's denial of a plaintiff's motion to amend their complaint is governed by an abuse of discretion standard of review." *Elliott v. Murdock*, 161 Idaho 281, 286, 385 P.3d 459, 464 (2016) (citation omitted). When this Court reviews an alleged abuse of discretion, the inquiry requires consideration of four essentials to determine whether the trial court:

> (1) [C]orrectly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). "Under Idaho law, motions for leave to amend pleadings are to be liberally granted . . . ." *Taylor v. McNichols*, 149 Idaho 826, 847, 243 P.3d 642, 663 (2010). However, "[i]n determining whether an amended complaint should be allowed, where leave of court is required under Rule 15(a), the court may consider whether the new claims proposed to be inserted into the action by the amended complaint state a valid claim." *Id.* (quoting *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, NA.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991)).

In denying Parkinson's motion to amend, the district court clarified its reasoning for granting Bevis' motion to dismiss, stating, "[t]his Court did not grant the motion due to defects in [Parkinson's] use of language. This Court granted the motion because, considering all the evidence presented at the motion hearing, this Court concluded [Parkinson] simply cannot establish facts that would entitle her to relief in the Idaho courts."

In general, a district court does not abuse its discretion in denying a motion for leave to amend a complaint when the district court determines the claims sought to be added are not valid. *Estate of Becker v. Callahan*, 140 Idaho 522, 528, 96 P.3d 623, 629 (2004). Given our holding here extending *Rockefeller I* to attorneys and clients, individuals may now sue their attorneys for breach of a fiduciary duty even when those claims arise out of the attorney-client

12

relationship. A prima facie case for breach of fiduciary duty requires the claimant to prove "that defendants owed plaintiff a fiduciary duty and that the fiduciary duty was breached." *Doe v. Boy Scouts of Am.*, 159 Idaho, 103, 109, 356 P.3d 1049, 1055 (2015). Parkinson's amended complaint sought to add a more definite statement of facts identifying that duty and breach, and Parkinson further sought to remedy the deficiency the district court identified in her original complaint by adding the equitable remedy of fee disgorgement.

Because the amended complaint (1) contained sufficient facts alleging that Bevis had breached his fiduciary duty to Parkinson by forwarding an email without her informed consent, and (2) added equitable remedies to her claim for relief, the amendment would not have been futile. The district court abused its discretion in contravention of the legal standards applicable to its decision by denying Parkinson's motion to amend her complaint. While Bevis may be able on remand to show that he did not breach the fiduciary relationship, Parkinson's motion to amend viewed against the liberal standard of I.R.C.P. 15 is not futile and should have been granted. We remand with instructions to grant the motion, consistent with this opinion.

Because we reverse the district court's decision on these grounds, the issue of whether the district court abused its discretion in denying Parkinson's motion to reconsider is moot.

**C.      Bevis' costs as the prevailing party before the district court are vacated.**

Parkinson argues the district court erred in awarding Bevis his prevailing party filing fee cost "for the simple reason that the [c]ourt should not have dismissed Parkinson's claim." Bevis maintains that he was unequivocally the prevailing party and the district court was required to award mandatory costs.

A prevailing party is entitled to recover its mandatory costs. I.R.C.P. 54(d)(1)(A). However, because we vacate the district court's judgment in Parkinson's favor, Bevis is no longer the prevailing party and thus he is not entitled to an award of mandatory costs, pending the outcome of this case on remand.

**D.      Bevis has no right to attorney fees on appeal**

Bevis requests an award of attorney fees on appeal under Idaho Code section 12-121. Attorney fees under this statute may be awarded to the prevailing party when an appeal is brought frivolously, unreasonably, or without foundation. I.C. § 12-121. Because Bevis has not prevailed in this appeal, it was certainly not brought frivolously or without foundation. We decline to award attorney fees on appeal.

## VI. CONCLUSION

We reverse the district court's dismissal of Parkinson's complaint for breach of fiduciary duty and vacate the judgment entered against Parkinson. We also reverse the denial of the motion to amend the complaint. We vacate the district court's award of costs. Neither party is awarded attorney fees on appeal. Costs are awarded to Parkinson on appeal as the prevailing party.

Justices BRODY, STEGNER and MOELLER and Justice *pro tem* WALTERS, CONCUR