## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47757

KIMBERLY ANN HYDE-RHODES,

    Plaintiff-Appellant,

v.

STATE OF IDAHO, DEPARTMENT OF
HEALTH AND WELFARE,

    Defendant-Respondent.

Filed: March 23, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Jefferson County. Hon. Stevan H. Thompson, District Judge.

Judgment dismissing amended petition, affirmed.

Kimberly Ann Hyde-Rhodes, Washington, UT, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Dayton P. Reed, Deputy Attorney General, Boise, for respondent.

HUSKEY, Chief Judge

Kimberly Ann Hyde-Rhodes appeals from the district court's order dismissing her amended petition for civil relief. Hyde-Rhodes alleges the district court erred in dismissing her amended petition. Because Hyde-Rhodes does not challenge several of the bases on which the district court dismissed her amended petition, we affirm the dismissal on the unchallenged grounds. Alternatively, Hyde-Rhodes does not support the sole claim properly before this Court with any argument or authority, and accordingly waives consideration of the issue. To the extent Hyde-Rhodes makes additional allegations of error by the district court, she similarly waives consideration of these claims. Thus, the district court's judgment summarily dismissing Hyde-Rhodes' amended petition is affirmed and attorney fees are awarded to the State of Idaho Department of Health and Welfare (Department) on appeal.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The Department initiated child protection proceedings against Hyde-Rhodes and took her children into care. Dissatisfied with the child protection proceedings, Hyde-Rhodes filed a petition against the Department purportedly for negligence and defamation. In the action, Hyde-Rhodes requested the court order reimbursement from the Department for expenses she incurred because of the child protection action, order the Department to adhere to unspecified obligations, and issue a decision on the various motions that she filed in the child protection case.

The Department filed a motion to dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6) and (8), arguing that Hyde-Rhodes' action against the Department failed to state a claim for which relief could be granted and was duplicative of the child protection case. Hyde-Rhodes filed a motion to transfer the action to district court because she asserted, for the first time, that she was claiming $3 million in damages which exceeded the jurisdictional limits of the magistrate court. Based on her assertion, Hyde-Rhodes filed an amended petition asserting $3 million in damages against the Department. The magistrate court transferred the case to the district court.

The Department filed a motion to dismiss Hyde-Rhodes' amended petition pursuant to I.R.C.P. 12(b)(1), (6), and (8). After a hearing on the motion, the district court found that the magistrate court assigned to the child protection case had not issued a final judgment in that case; Hyde-Rhodes' action was duplicative of the child protection proceedings and thus subject to dismissal pursuant to I.R.C.P. 12(b)(8); Hyde-Rhodes' notice was likely not properly filed; the Department was immune from a defamation suit as a government agency; and Hyde-Rhodes' amended petition failed to state a negligence or defamation claim and was subject to dismissal pursuant to I.R.C.P. 12(b)(6). Accordingly, the district court dismissed Hyde-Rhodes' amended petition. Hyde-Rhodes timely appeals.

# II.

## ANALYSIS

Hyde-Rhodes alleges the district court erred in dismissing her amended petition. In response, the Department asserts various reasons supporting the district court's dismissal of the amended petition and requests attorney fees on appeal.

**A.** **The District Court's Dismissal of Hyde-Rhodes' Amended Petition Is Affirmed on Unchallenged Grounds**

The Idaho Supreme Court has held that when a trial court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *State v. Grazian,* 144 Idaho 510, 517-18, 164 P.3d 790, 797-98 (2007). On appeal, Hyde-Rhodes does not challenge the district court's findings that her petition was duplicative of the child protection action and subject to dismissal pursuant to I.R.C.P. 12(b)(8), that the claims relating to the child protection action were not properly before the district court because no final judgment had been issued in the child protection action, or that the Department was immune from a defamation suit as a government agency. Consequently, we affirm the dismissal of Hyde-Rhodes' amended petition on those grounds.

**B.** **Fifteen of Hyde-Rhodes' Listed Issues Are Not Properly Before This Court and the Only Issue Properly Before This Court Is Waived on Appeal**

Alternatively, the majority of Hyde-Rhodes' allegations of error are not properly before this Court for consideration. On appeal, Hyde-Rhodes alleges sixteen issues. However, fifteen of the issues arise from the *separate* child protection case. Hyde-Rhodes' appeal in this case cannot encompass claims from a completely different case.

However, Hyde-Rhodes' sixteenth and only remaining issue is properly before this Court. For this issue, Hyde-Rhodes alleges that the district court erred in dismissing her amended petition because the court should have investigated all of the claims relating to the child protection case and allowed Hyde-Rhodes the opportunity to "state [her] case" before dismissing the petition. This is the entirety of Hyde-Rhodes' articulation of this issue; she does not explain how the district court erred beyond this conclusory allegation or provide any legal authority to support her argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* Because Hyde-Rhodes fails to support the only issue properly before this Court with sufficient argument or authority, she has waived consideration of this issue on appeal.

**C.** **Hyde-Rhodes' References to Other Errors by the District Court Are Waived Because She Does Not Include the Errors in Her Statement of Issues, Provide an Adequate Record, or Support the Claims of Error With Argument and Authority**

Although not listed as issues on appeal, Hyde-Rhodes mentions additional alleged errors by the district court in her appellate brief. Generally, the failure of an appellant to include an issue in the statement of issues as required by Idaho Appellate Rule 35(a)(4) will eliminate consideration of the issue on appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). However, this rule may be relaxed where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Washington Cnty. Rd. and Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997).

In these passing claims of error, Hyde-Rhodes alleges the district court erred in dismissing her amended petition. Although not entirely clear, it appears Hyde-Rhodes is challenging the dismissal pursuant to I.R.C.P. 12(b)(6). Idaho Rule of Civil Procedure 12(b)(6) is a defense to an assertion that the pleading fails to state a claim upon which relief can be granted. Hyde-Rhodes argues that she made "a valid legal claim in [her] petition about negligence, defamation, and served it properly" and "clearly [alleged] illegal conduct," yet the district court "failed to recognize [her] claims of relief within [her] petition and [her] claim for relief." Despite these assertions, Hyde-Rhodes does not allege with any specificity how the district court erred, point to evidence in the record to show she asserted a valid negligence or defamation claim, explain how "illegal conduct" meets the elements of either a negligence or defamation claim, or provide sufficient argument or authority to support her assertions. Consequently, Hyde-Rhodes fails to establish any error by the district court and we affirm the court's dismissal of the petition pursuant to I.R.C.P. 12(b)(6).

Additionally, Hyde-Rhodes alleges the district court erred because it did not give her the opportunity to amend her petition before dismissing it, despite the court stating at the dismissal hearing that it would take the matter under advisement and give her an opportunity to amend the petition. A petitioner may move to amend her petition to remedy deficiencies identified by the trial court, but the court has discretion whether to grant the motion. *See Parkinson v. Bevis*, 165 Idaho 599, 608-09, 448 P.3d 1027, 1036-37 (2019). Thus, a trial court's denial of a plaintiff's motion to amend her petition is subject to review under an abuse of discretion standard. *Id.* at 609, 448 P.3d at 1037. However, it is the responsibility of the appellant to provide a sufficient record to substantiate her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434,

439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

Nothing in the record shows that Hyde-Rhodes filed a motion for leave to further amend her amended petition. The court minutes from the summary dismissal hearing do not indicate that Hyde-Rhodes orally moved the district court for leave to amend her petition or that the district court granted leave to amend the amended petition. Instead, the court minutes from the hearing indicate only that the district court took the matter under advisement. Hyde-Rhodes has not provided a transcript of the hearing on appeal. Thus, the clerk's record on appeal does not support Hyde-Rhodes' claim that the district court told her during the dismissal hearing that it would grant her an opportunity to amend her petition. Consequently, Hyde-Rhodes fails to persuade this Court that the district court erred.

Further, the record shows that the district court explicitly found it unnecessary to grant Hyde-Rhodes leave to amend her amended petition because any further amendment would be futile. Hyde-Rhodes does not provide any argument or authority challenging the district court's finding that any amendments would be futile; thus, she has failed to establish any error in dismissing her amended petition. Because Hyde-Rhodes did not move for leave to amend her amended petition, failed to provide an adequate record to support her assertion that the district court stated it would grant her leave to amend her amended petition, and did not provide argument and authority to support a challenge to the court's finding that providing leave to amend would be futile, she has not established that the court abused its discretion by dismissing her amended petition without granting leave to further amend.

**D.      The Department is Awarded Attorney Fees on Appeal**

The Department requests attorney fees on appeal pursuant to Idaho Code § 12-117(1). Idaho Code § 12-117(1) provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

Pursuant to I.A.R. 41, an award of attorney fees may be granted to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation.

Here, Hyde-Rhodes' appeal did not allege error with the district court's decision with any specificity, support her appeal with any argument or authority, or provide support in the record for her assertion that the district court erred. Instead, Hyde-Rhodes mostly reiterates various grievances with the Department's handling of the child protection proceedings. Hyde-Rhodes notes she has approximately sixteen pending actions and has been declared a vexatious litigant. Because Hyde-Rhodes has pursued this appeal without a reasonable basis in fact or law, the Department is entitled to attorney fees for the appeal. As the prevailing party, the Department is also entitled to costs pursuant to I.A.R. 40.

## III.

## CONCLUSION

Hyde-Rhodes does not challenge several of the bases on which the district court dismissed her amended petition, and we affirm the dismissal on the unchallenged grounds. Although the majority of Hyde-Rhodes' allegations of error are not properly before this Court for consideration, Hyde-Rhodes does not support the sole issue properly before this Court with any argument or authority, and accordingly Hyde-Rhodes waives consideration of the issue. To the extent Hyde-Rhodes makes additional allegations of error by the district court, she did not list these allegations in her statement of issues and fails to provide an adequate record or argument and authority to support these claims; consequently Hyde-Rhodes waives consideration of these claims on appeal. Therefore, the district court did not err and the order dismissing Hyde-Rhodes' amended petition is affirmed. The Department is awarded costs and attorney fees on appeal.

Judge GRATTON and Judge LORELLO **CONCUR**.