NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDMARK AUTO, INC., an Idaho corporation; and CHALFANT CORP., an Idaho corporation, <br><br>                  Plaintiffs-Appellees, <br><br>    v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, a New York corporation; and UNIVERSAL UNDERWRITERS SERVICE CORPORATION, a Delaware corporation, <br><br>                  Defendants-Appellants. | No.    21-35231 <br><br> Case. No.    1:15-cv-00520-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge

Argued and Submitted March 7, 2022
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Idaho car dealership groups Edmark Auto, Inc. and Chalfant Corporation

("Dealers") filed an action against insurance companies Universal Underwriters

Service Corporation and Zurich American Insurance Company ("Zurich"), alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

breach of contract, various tort and fraud theories, and unfair business practices under the Idaho Consumer Protection Act. After an 11-day trial, a jury found in favor of the Dealers and awarded them damages for breach of contract, disgorgement, and punitive damages. Zurich now appeals the non-contract verdicts, alleging a variety of errors. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

1.      We affirm the jury's verdict on the breach of fiduciary duty. Under Idaho law, whether a fiduciary relationship exists is a question of law. *Beaudoin v. Davidson Tr. Co.*, 263 P.3d 755, 759 (Idaho 2011). We review the district court's determination that a fiduciary relationship existed between Dealers and Zurich under Idaho law de novo. *See Judd v. Weinstein*, 967 F.3d 952, 955 (9th Cir. 2020). "Fiduciary relationships are commonly characterized by one party placing property or authority in the hands of another, or being authorized to act on behalf of another." *Beaudoin*, 263 P.3d at 760 (simplified). "A fiduciary relationship does not depend upon some technical relation created by or defined in law, but it exists in cases where there has been a special confidence imposed in another who, in equity and good conscience, is bound to act in good faith and with due regard to the interest of one reposing the confidence." *Jones v. Runft, Leroy, Coffin & Matthews, Chartered*, 873 P.2d 861, 868 (Idaho 1994) (simplified). "Generally speaking, where one party is under a duty to act or to give advice for the benefit of the other upon a matter within

2

the scope of the relation, a fiduciary relationship exists." *City of Meridian v. Petra Inc.*, 299 P.3d 232, 248 (Idaho 2013) (simplified).

Under Idaho law, a fiduciary duty does not ordinarily arise between parties to an arm's length business transaction. *High Valley Concrete, L.L.C. v. Sargent*, 234 P.3d 747, 752 (Idaho 2010). But certain relationships, even contractual relationships, do give rise to a fiduciary duty. "Examples of relationships from which the law will impose fiduciary obligations on the parties include when the parties are: members of the same family, partners, attorney and client, executor and beneficiary of an estate, principal and agent, insurer and insured, or close friends." *Id.* (quoting *Mitchell v. Barendregt*, 820 P.2d 707, 714 (Idaho Ct. App. 1991)).

We conclude that Zurich owed a fiduciary duty to Dealers. Dealers "plac[ed] property . . . in the hands" of Zurich in the form of $80 per vehicle service contract ("VSC"), and Zurich was "authorized to act on behalf of [Dealers]" by refunding customers who cancelled their VSCs. *Beaudoin*, 263 P.3d at 760. Dealers also reposed a "special confidence" in Zurich to steward the funds, calculate future liabilities, periodically report on the account's health, and make sure the program remained solvent. *Jones*, 873 P.2d at 868. Further, Zurich was "under a duty to act or to give advice for the benefit" of Dealers because Dealers relied on Zurich's expertise in calculating future liabilities, managing large-dollar accounts, and

3

modifying the per-VSC deposit if necessary to maintain the account's solvency. *Meridian*, 299 P.3d at 248.

We reject Zurich's argument that the relationship mirrors that of a bank and depositor, which is not a fiduciary relationship. *See Palmer v. Idaho Bank & Tr. of Kooskia*, 603 P.2d 597, 600 & n.2 (Idaho 1979) (analogizing the bank/depositor relationship to that of debtor/creditor). As described above, Zurich owed more obligations to Dealers than to merely safeguard funds. The uniqueness of the program and Zurich's close relationship with Dealers distinguishes this case from a garden variety debtor/creditor relationship. For these reasons, we affirm the district court's conclusion that a fiduciary relationship arose between Zurich and Dealers. Because the jury found that Zurich breached its fiduciary duties, its award of $4 million in disgorgement damages is appropriate. *Parkinson v. Bevis*, 448 P.3d 1027, 1033 (Idaho 2019) (Under Idaho law, "[a] breach of fiduciary duty claim is an equitable claim for which a defendant may have to disgorge compensation received during the time the breach occurred, even if the plaintiff cannot show actual damages."). We also uphold the jury's award of punitive damages. *See Rockefeller v. Grabow*, 39 P.3d 577, 587 (Idaho 2001) (upholding jury's award of punitive damages in a breach of fiduciary duty case).

2.     Because the breach of fiduciary duty claim independently supports the award of disgorgement and punitive damages, we need not reach Zurich's other

4

arguments. *See Webb v. Sloan*, 330 F.3d 1158, 1167 (9th Cir. 2003) (When a jury specifies on what claims it bases liability, "there is no danger that the jury found liability *only* on a legally defective theory.").

**AFFIRMED.**